**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES CHARLES GOSTOMSKI,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:18-0680** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **ANDREW M. SAUL**[1]**,** : | |
| **Commissioner of Social Security,** | |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court is the report of Judge Cohn, (Doc. 10), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be reversed and the case be remanded for further proceedings. Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner has filed objections to the report. (Doc. 11). The plaintiff, James Charles Gostomski, responded to the

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

Commissioner's objections.[2] (Doc. 12). For the following reasons, the report and recommendation will be **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner, (Doc. 1), will be **GRANTED**. The Commissioner's decision will be **REVERSED** and, plaintiff's case will be **REMANDED** to the Commissioner.[3]

I.      **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no

---

[2]In plaintiff's response to the Commissioner's objections, counsel repeatedly misidentifies Magistrate Judge Cohn as "Magistrate" Cohn. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Counsel for plaintiff is reminded to use the correct title, in the future, when referring to Judge Cohn.

[3]The court notes that since Judge Cohn stated the full procedural history of this case in his report and since the parties did not object to it, the court will not repeat it herein.

objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in

3

determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Cohn's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The parties did not file any objections to Judge Cohn's report with respect to his relevant medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo*

determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the decision of the Administrative Law Judge ("ALJ") and the findings of each step is in the record, (Tr. 12-23), the court incorporates by reference these portions of the ALJ's decision.

## III. DISCUSSION

On April 22, 2015, the plaintiff filed an application for DIB and alleged an onset disability date of April 27, 2014. In an August 2, 2017 decision, the ALJ found that the plaintiff was not disabled from April 22, 2015, through the date of her decision.[4] (Tr. 23). The ALJ found that plaintiff had a severe back impairments, i.e., degenerative disc disease of the lumbar spine with radiculopathy, as well as mental impairments related to depressive disorder and anxiety. However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, namely, Listing 1.04 ("disorders of the spine"), Listing 12.04 ("depressive, bipolar and related disorders"), and 12.06 ("anxiety and obsessive-compulsive disorders").

---

[4]Thus, the relevant time period for this case is April 27, 2014, through August 2, 2017. September 30, 2017, is the last date that plaintiff met the insured status requirements of the Social Security Act.

5

In relevant part, the plaintiff challenged the weight the ALJ gave his treating physician, Dr. Joshua Hottenstein, and the ALJ's RFC assessment and finding that he could perform light work, which was partly based on the ALJ's rejection of Dr. Hottenstein's opinion. In his report, Judge Cohn agrees with the plaintiff and recommends that the Commissioner's decision be vacated since there is no medical evidence of record which suggests that the plaintiff could perform all of the activities required for light work. Therefore, he finds that the ALJ's RFC determination was not supported by substantial evidence in the record. Judge Cohn determined that by rejecting the opinion of the plaintiff's treating physician with no other medical evidence in the record regarding the plaintiff's RFC, the ALJ impermissibly substituted her own judgment for that of a physician.

Specifically, Judge Cohn found that the ALJ erred in her evaluation of plaintiff's treating physician and in giving the opinion of Dr. Hottenstein, including his findings in a January 24, 2017 Medical Source Statement, (Tr. 482-84), little weight. (Tr. 20). As the ALJ summarized in her decision, (Tr. 20), Dr. Hottenstein, opined that based on plaintiff's lumbar degenerative disc disease, lumbar radiculopathy, and a herniated lumbar disc "[plaintiff] could lift up to 10 pounds occasionally, as well as stand/walk and sit less than two hours in an eight-hour workday", "[h]e could never perform posturals and he should avoid moving machinery, temperature extremes, heights, and vibration", and "[he] would need breaks every 30 minutes for one to 10

6

minutes." The ALJ gave little weight to Dr. Hottenstein's opinion and found that it was "unsupported by any medical findings", and that "the record contain[ed] no treatment notes from [him]." The ALJ also noted that the only treatment notes in the record were from Dr. Hottenstein's Physician's Assistant, Kyle Maza. The ALJ then found that plaintiff had an RFC to perform light duty work, with limitations, which, by definition, meant that plaintiff could lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. (Tr. 15). *See* 20 C.F.R. §416.967(b); 20 C.F.R. §404.1567(b). As such, the ALJ's RFC determination contradicted Dr. Hottenstein's opinion that plaintiff could only lift up to ten pounds occasionally. (Tr. 482).

Judge Cohn found that there was no medical opinion in the record that plaintiff was capable of frequent lifting or carrying 10-pound objects as required for light work, and that substantial evidence did not support the ALJ's assessment of plaintiff's physical impairments "since the ALJ rejected the only physician opinion regarding physical limitations, instead choosing to rely on her own lay interpretation of the medical evidence." The judge stated that "[r]arely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant." In support, he cited, in part, to Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). Judge Cohn also cited to the medical evidence in the record, (Doc. 10 at 14-15), which substantiated Dr. Hottenstein's opinion. The

7

judge then found that the cited evidence shows that the ALJ's findings regarding the severity and characterization of plaintiff's physical impairments, and finding that plaintiff was capable of light work were not supported by substantial evidence.

The Commissioner's objections pertain to the support for the little weight the ALJ afforded to the opinions of Dr. Hottenstein. The Commissioner argues that Judge Cohn's recommendation is based on an erroneous interpretation of the Commissioner's regulations and is inconsistent with the Third Circuit's interpretation of the Commissioner's regulations. The Commissioner contends that "the ALJ did not need to rely on a contrary medical opinion to permissibly discount the opinions from Dr. Hottenstein." The Commissioner states that in giving little weight to Dr. Hottenstein's opinions, the ALJ properly compared Dr. Hottenstein's findings to the other evidence in the record, and that the ALJ rejected these opinions because that the record did not support them and did not contain any treatment notes from Dr. Hottenstein. (Tr. 20).

This court considered the issue raised by the Commissioner in several cases, including Brown v. Colvin, 2015 WL 7428579 (M.D.Pa. Nov. 23, 2015). In Brown, id. at *2, this court stated that "[a]lthough the Third Circuit previously indicated that the ALJ must always base his RFC finding on a medical opinion from a physician, see Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986)," ... "consistent with the latter case law, [see Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011)] the Commissioner argues that

Doak does not prohibit an ALJ from making an RFC assessment even if no physician has specifically made findings and even if the only medical opinion in the record is to the contrary."

This court in Brown, id., then stated:

The issue raised by the Commissioner has recently been raised and addressed in another case in the Middle District. See Kester v. Colvin, 2015 WL 1932157 (M.D.Pa., April 21, 2015) (Brann, J.). As in that case, the court agrees with the Commissioner that the RFC assessment must be based on consideration of all of the evidence in the record, including the testimony of the claimant regarding his activities of daily living, medical records, lay evidence and evidence of pain. Id. at *2 (citing Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121-22 (3d Cir. 2002; 20 C.F.R. §404.1545(a)). The court further agrees that the ALJ has the sole responsibility for determining a claimant's RFC. See SSR 96-5P.

Nonetheless, the court found "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Id. (citing Kester, 2015 WL 1932157, *2; Gormont v. Astrue, 2013 WL 791455 at *7 (M.D.Pa., Mar. 4, 2013)). Further, the court stated, "an ALJ must not speculate as to a claimant's RFC and, as such, must support a RFC determination with medical evidence in the record. Id. (citing Kester, at *3). Thus, the court held that "the Third Circuit has upheld remand where the ALJ's RFC determination was not supported by the assessment of any physician in the record." Id. (citing Kester, at *3; Doak,

9

supra).[5]

Here, after the ALJ discussed medical evidence in the record, she determined that the plaintiff could perform light work activity. However, the ALJ rejected the medical assessment of plaintiff's treating physician addressing plaintiff's RFC. Judge Cohn found that the ALJ's determination was based upon the ALJ's own assessment of the plaintiff's physical capabilities and her own lay interpretation of the medical evidence. The court agrees with Judge Cohn's conclusion that the ALJ improperly assessed the plaintiff's RFC and, therefore finds that the ALJ's RFC determination is not supported by substantial evidence in the record. Moreover, Judge Cohn does discuss other medical evidence in the record regarding the plaintiff's physical impairments and his limitations which were consistent with Dr. Hottenstein's opinion, and despite this evidence, the ALJ found that the plaintiff could perform light work with limitations.

---

[5]As this court noted in Brown, 2015 WL 7428579, *2 n. 3, "in Kester, [the court noted that] the Doak and Chandler decisions have been reconciled as follows:

> Any argument from the Commissioner that his administrative law judges can set the residual function capacity in the absence of medical opinion or evidence must be rejected in light of Doak. Furthermore, any statement in Chandler which conflicts (or arguably conflicts) with Doak is *dicta* and must be disregarded. Government of Virgin Islands v. Mills, 634 F.3d 746, 750 (3d Cir. 2011) (a three member panel of the Court of Appeals cannot set aside or overrule a precedential opinion of a prior three member panel).

(Citing Gunder v. Astrue, 2012 WL 511936 (M.D.Pa., Feb. 15, 2012)).

As Judge Cohn stated in another similar case in which he issued a report recommending that the plaintiff's appeal be granted, Cowden v. Colvin, 2017 WL 1227454, *13 (M.D.Pa. March 17, 2017), "the [District] Court [including this court in Brown, supra] has granted claimants' appeal in at least thirty-three cases [before him] in just the last eighteen months when an ALJ rejects a treating source medical opinion with only lay reinterpretation of medical evidence." (string citations omitted). See also Orem v. Colvin, 2016 WL 6433121 (M.D.Pa. Oct. 31, 2016); Rankins v. Colvin, 2016 WL 4502524 (M.D. Pa. Aug. 29, 2016); Rowe v. Colvin, 2016 WL 3654470 (M.D. Pa. July 8, 2016) (in these cases, this court decided similar cases to the instant one and agreed with the reports recommending remand when the ALJ rejected the only medical assessment in the record addressing the plaintiffs' RFC which was from their treating physicians).

In his objections, the Commissioner also contends that substantial evidence support the ALJ's RFC determination.[6] The court concludes that Judge Cohn correctly determined that substantial evidence does not support the above stated findings of the ALJ regarding the weight given to Dr. Hottenstein's opinions and her RFC determination. As Judge Cohn explained,

---

[6]In his objections, the Commissioner also argues that Judge Cohn improperly cited to and relied upon Tilton v. Colvin, 184 F. Supp. 3d. 135 (M.D.Pa. 2016). (Doc. 11 at 13-20). However, Judge Cohn did not cite to the Tilton case. Indeed, the Commissioner refers to pages 24-29 of Judge Cohn's report regarding his alleged discussion of the Tilton case but his report is only 17 pages.

11

the ALJ did not properly decide plaintiff's RFC since she did not properly analyze the medical opinions of Dr. Hottenstein and, since she failed to reconcile his opinions, which the judge found to be supported by the medical evidence in the record, and to adequately explain the basis of her findings as well as the weight she afforded to the doctor's opinions. Plaintiff also points out in his response to the Commissioner's objections that "[t]he ALJ ignored most of the [medical evidence cited in Judge Cohn's report]", and "[i]nstead, the ALJ recited portions of the medical record and came to her own conclusion regarding the meaning of various tests and treatment modalities." Further, as plaintiff explains, Judge Cohn did not only base his recommendation on Dr. Hottenstein's opinions and the weight afforded to them, rather, he found that substantial evidence did not support the ALJ's determination that plaintiff could perform light work.

The court agrees with Judge Cohn and finds that the ALJ did not properly evaluate Dr. Hottenstein's opinions and all of the medical evidence when she determined plaintiff's RFC and found that plaintiff could perform light work. It is well-settled that the ALJ's RFC finding has to "be accompanied by a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). See also Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ is required to "consider and evaluate the [relevant] medical evidence in the record" and, to discuss and weigh this evidence).

Therefore, the Commissioner's objections, (Doc. 11), to Judge Cohn's report, (Doc. 10), will be overruled, and the report will be adopted in its entirety.

IV.   **CONCLUSION**

In light of the foregoing, Judge Cohn's report and recommendation, (Doc. 10), is **ADOPTED**, and the Commissioner's objections, (Doc. 11), are **OVERRULED.** The plaintiff's appeal, (Doc. 1), is **GRANTED**, and the Commissioner's decision is **REVERSED**. The plaintiff 's case is **REMANDED** to the Commissioner for further proceedings. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 4, 2019**
18-0680-01.wpd